

**Dated: August 03, 2010**

**The following is ORDERED:**

_Tom R. Cornish_
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
GARY LYNN BELL                                      Case No. 10-80131-TRC
ROBERTA ANN BELL,                                   Chapter 7
                    Debtors.


RAFAEL VEGA, JR.,
                    Plaintiff,

v.                                                  Adv. Case No. 10-08033-TRC

GARY LYNN BELL and
ROBERTA ANN BELL,
                    Defendants.


O R D E R

This matter came on for hearing on June 23, 2010, upon Defendants' Motion to Dismiss

Adversary Proceeding (Docket Entry 9) and Plaintiff's Objection (Docket Entry 12). Appearing

before the Court were Ron D. Brown for Defendants and Gregory G. Meier for Plaintiff. The Court

heard argument and took the matter under advisement. For reasons set forth below, the Defendants'

Motion to Dismiss Plaintiff's Complaint is denied.

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b).  Defendants seek to dismiss this adversary proceeding pursuant to Fed. R. Civ. P. 12 (b)(6), made applicable to adversary proceedings through Fed. R. Bankr. P. 7012(b), on the grounds that it fails to state a cognizable claim.  Defendants argue that Plaintiff's Complaint fails to state any fact that would justify the extreme relief he seeks under § 727: denial of their discharge.  Defendants believe that Plaintiff actually desires a judgment of nondischargeability under § 523(a), but since he did not specifically list this, this lawsuit cannot survive.  Defendants also argue that it is too late for Plaintiff to amend his Complaint to include a claim for relief under § 523 since the time has run for filing such a claim, pursuant to Fed. R. Bankr. P. 4007(c).

Plaintiff argues that his desire is to revoke Defendants' discharge, as well as recover money damages from Defendants.  He argues that Fed. R. Bankr. P. 7008 only requires a short and plain statement that shows he is entitled to relief, that his Complaint alleges many significant facts that support both 727 and 523 causes of action.  He has plead fraud with sufficient particularity, and appeals to the bankruptcy court's purpose of promoting equity.  Plaintiff's attorney admitted that the lawsuit probably should have been filed as an action under § 523 but believed that the allegations were sufficient to state a claim under § 727.  He offered to amend his Complaint to specifically include a claim of nondischargeability under § 523(a).

In considering a motion to dismiss, all facts alleged by the plaintiff are considered to be true, and dismissal is appropriate only if it appears beyond doubt that the plaintiff will be unable to prove any set of facts that will entitle him to relief.  *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).  The court must "assume as true the facts asserted in the complaint and construe the well-pleaded allegations in favor of the plaintiff."  *Ballen v. Prudential Bache Securities, Inc.*, 23 F.3d 335, 336

(10th Cir. 1994). "All reasonable inferences must be indulged in favor of the plaintiff, . . . and the pleadings must be liberally construed." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) (citations omitted). The court's function is not to weigh potential evidence that might be presented at trial, but is to assess whether the plaintiff's complaint is legally sufficient. *Ford v. West*, 222 F.3d 767 (10th Cir. 2000)(citations omitted). In addition, Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8(a) require only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." This simply requires that the complaint "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff's action stems from his employment with Defendants' business in 2008 and 2009. Defendants withheld funds from Plaintiff's wages to pay the premiums for group health insurance coverage for Plaintiff and his family. The funds withheld from Plaintiff's paycheck were not remitted by Defendants to the insurance company but were used by Defendants for their own benefit. Consequently, when Plaintiff submitted insurance claims in excess of $15,000, his claims were denied because the insurance policy had been cancelled for non-payment of premiums by Defendants. Plaintiff's Complaint objects to Defendants' discharge, and seeks money damages. Plaintiff's Adversary Cover Sheet identifies several statutes upon which his lawsuit is based: recovery of money/property, objection/revocation of discharge - §727(c),(d),(e), dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny.

Defendants make a strong argument that the Complaint does not state a claim under §727. Based upon the allegations in the Complaint, it is unclear what relationship Defendants have to Plaintiff and to Plaintiff's employer, whether the alleged conduct occurred within one year of the

filing of the bankruptcy on February 8, 2010, whether the withholding and misuse of insurance premiums may have been property of the estate, and whether the wrongful acts were made in connection with the bankruptcy case. Although Paragraph 3 states that this is an action objecting to Defendants' discharge, the specific relief Plaintiff requests in the final paragraph of the Complaint is a money judgment, including punitive damages. Such relief is typically sought through a § 523(a) nondischargeability action, and not through a § 727 objection to discharge.

Fed. R. Bankr. P. 7015 provides that leave to amend a complaint shall be freely given when justice so requires. Viewing the allegations in a light most favorable to Plaintiff, and believing that the Complaint does give Defendants notice of Plaintiff's claim, the basic underlying facts, and the relief Plaintiff seeks, the Court cannot find that Plaintiff will be unable to prove any set of facts that will entitle him to relief. The Court believes that Plaintiff intended to file this action under § 523, rather than as a straight § 727, due to Plaintiff's counsel's argument before the Court, the allegations contained in the Complaint, and the identification of that statute as the nature of the suit on the Adversary Cover Sheet. [1] Therefore, the Court finds that justice dictates that Plaintiff be allowed to amend his Complaint to include a claim under § 523. Since no discovery has been commenced in this case, there appears to be no undue delay or prejudice to Defendants in allowing Plaintiff to amend to identify the proper statute. The Court is mindful of Defendants' argument that a claim under § 523 is time-barred. However, the Court cannot decide that issue until the amended Complaint is filed. There may be circumstances under which a claim under § 523 is allowed to relate back to the filing of a § 727 action; thus, it would not be time-barred. *First Nat'l Bank in*

---

[1] Citation on a cover sheet is insufficient to comprise a claim under § 523. *See First Nat'l Bank in Okeene v. Barnes*, 956 F.2d 277 (Table) (10th Cir. 1992)(unpublished opinion).

*Okeene v. Barnes*, 956 F.2d 277 (Table) (10th Cir. 1992)(unpublished opinion); *In re Brothers*, 345 B.R. 406 (Bankr. S.D. Fla. 2006). Defendants are certainly free to seek dismissal of an amended complaint on that basis.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is **denied**.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint by August 17, 2010.

###